UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE<br>& CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No.: 2:07-CV-387<br>) |
| AUTUMN RIDGE CONDOMINIUM<br>ASSOCIATION, INC., RICHARD<br>ARCHIE, RON PATTERSON, JIM<br>REED, DIANE RANGEL, DAVID<br>HADDOX, KOURTNEY<br>VALENTINE, POLLY K.<br>KOESTERS, and HERMAN W.<br>HOGE, JR., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OF OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed August 25, 2008, by Defendants Autumn Ridge Condominium Association, Inc., Richard Archie, Ron Patterson, and Jim Reed ("Defendants"). Docket at 38. Defendants also filed a memorandum in support of their motion ("Memorandum in Support"). Docket at 39. Plaintiff State Farm Fire & Casualty Company ("State Farm" or "Plaintiff") filed a response in opposition to the motion on September 9, 2008. Docket at 47. Defendants filed a reply brief on September 10, 2008. For the reasons discussed herein, the motion to dismiss is **GRANTED** and this case is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

### BACKGROUND

State Farm filed this declaratory judgment action as an original proceeding in this court on November 1, 2007. Docket at 1. State Farm states in its Complaint that it issued Autumn

Ridge a "Condominium/Association Policy of Insurance . . . with effective dates of June 15, 2006 to June 15, 2007." Complaint, p. 3. During the time period this policy was in effect, David Haddox and Kourtney Valentine, who are both African-American, wanted to purchase a condominium unit located in Autumn Ridge which was owned by Diane Rangel. *Id*., p. 2. Polly Koesters was the listing agent for Rangel's unit and Herman Hoge, Jr., was the owner of Re/Max Realty Associates, Inc., the company that showed the condominium unit to Haddox and Valentine. *Id*. Allegedly, Autumn Ridge board members refused to allow Haddox and Valentine to purchase Rangel's unit because Haddox and Valentine had young children, and the condominium association did not permit children to live in the development. *Id*. Haddox, Valentine, Rangel, Koesters, and Hoge filed an Administrative Complaint against Autumn Ridge and Richard Archie, Ron Patterson, and Jim Reed, who were officers of Autumn Ridge at the time of these alleged events. *Id*. This Administrative Complaint was pending with the U.S. Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity, at the time State Farm filed this case. *Id*., p. 3. Haddox, Valentine, Rangel, Koesters, and Hoge alleged in that Administrative Complaint that Autumn Ridge, acting through Archie, Patterson and Reed, refused to allow Haddox and Valentine to purchase Rangel's condominium unit because of their race (and not because they had small children), in violation of federal law. *Id*., pp. 2-3.

After the filing of the Administrative Complaint with HUD, "Autumn Ridge, Archie, Patterson and Reed have asserted entitlement to a defense and indemnity from State Farm under the terms of the policy of insurance with respect to the claims being asserted against them in the administrative complaint [at HUD]." *Id*., p. 3. State Farm contends that the policy of insurance

issued to Autumn Ridge was intended to cover only bodily injury and property damage occurring at Autumn Ridge if such injury or damage was the result of an "occurrence" as that term was defined in the policy. *Id*., p. 5. State Farm contends in this action that the policy does not offer any coverage for the discrimination claims asserted by Haddox, Valentine, Rangel, Koesters, and Hoge in their Administrative Complaint. *Id*., pp. 6-7. By way of this lawsuit, State Farm asks this Court to enter a declaratory judgment in State Farm's favor declaring that the policy of insurance does not provide coverage to Autumn Ridge, Archie, Patterson, or Reed for the claims brought against them in the HUD proceeding. *Id*., pp. 9-10.

A more detailed recitation of the underlying facts giving rise to this lawsuit are not necessary in this Order, since the motion to dismiss is based entirely on whether this Court has subject matter jurisdiction over this cause.

## MOTION TO DISMISS STANDARD

Defendants are moving to have this case dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). A case may be dismissed under Rule 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chicago.,* 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter

3

jurisdiction.  *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003).  The plaintiff has the obligation to establish jurisdiction by competent proof.  *Sapperstein v. Hager,* 188 F.3d 852, 855-56 (7th Cir. 1999).  The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question.  *Id.* at 856.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts.  The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction. *Thomas v. Gaskill,* 315 U.S. 442, 446 (1942); *Sprint Spectrum, L.P. v. City of Carmel, Ind.,* 361 F.3d 998, 1001 (7th Cir. 2004).  A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act: a federal court must assure itself that it possesses jurisdiction over the subject matter of a case before it can proceed to take any action on the merits.  *Petruska v. Gannon Univ.,* 462 F.3d 294, 302 (3rd Cir. 2006) ("At issue in a Rule 12(b)(1) motion is the court's very power to hear the case.").  A court must dismiss an action without reaching the merits if it concludes there is no jurisdiction.  *Capitol Leasing Co. v. F.D.I.C .,* 999 F.2d 188, 191 (7th Cir. 1993).

**DISCUSSION**

Defendants allege that this court lacks subject matter jurisdiction over this case.  Motion to Dismiss, p. 1.  According to Defendants, this case was improperly filed as a "federal question" case pursuant to 28 U.S.C. § 1331.  Memorandum in Support of Motion to Dismiss ("Defendants' Memorandum"), Docket at 39, p. 2.  Defendants note that "State Farm filed this declaratory judgment action on November 1, 2007[.]" and that "State Farm's only stated basis

4

for subject matter jurisdiction is 28 U.S.C. § 1331, claiming that this matter arises under the laws of the United States." *Id.*, pp. 1-2. Defendants also note that "State Farm has brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201." *Id.*, p. 2. However, Defendants argue that "[t]hat Act does not confer subject matter jurisdiction." *Id.* (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 70 S.Ct. 876 (1950)). Defendants are correct that the federal Declaratory Judgment Act is not an independent source for subject matter jurisdiction and the mere fact that a plaintiff brings suit under the Act does not automatically confer jurisdiction in a federal district court. The Seventh Circuit has explained that "[b]ecause the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction, see *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 . . . (1950), the district court must possess an independent basis for jurisdiction." *CNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995).

In the present case, the only basis for jurisdiction alleged by State Farm is federal question jurisdiction.[1] The question is, then, what is the federal question presented in this case?

---

[1] It might have been possible (perhaps) for State Farm to bring this action as a diversity case pursuant to 28 U.S.C. § 1332, since State Farm states in its Complaint that it has "its principal place of business and home office located in Bloomington, Illinois," and that Autumn Ridge is an "association located in Munster, Indiana." Complaint, p.1. The problem is, State Farm's Complaint does not state the citizenship of the parties (in fact, doesn't even refer to the citizenship of the individual defendants at all) and does not allege that there is an "amount in controversy" exceeding $75,000. If State Farm had any intention of bringing this case as a diversity action, the elements of diversity jurisdiction must be plead specifically. As this court explained in *McNeal v. Parsons*, 2006 WL 2038588 *1 (N.D. Ind., July 19, 2006):

> Rule 8(a)(1) only requires "a short and plain statement" of the jurisdictional basis, but the basis must be alleged affirmatively and distinctly, and cannot be established argumentatively or by mere inference. *McCready v. EBay, Inc.,* 453 F.3d 882, 2006 WL 1881142, *7 (7th Cir. 2006). *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1208, at 101; *see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.,* 224 F.3d 139, 141 (2nd Cir. 2000) ("the failure to allege [the party's] citizenship in a particular state is fatal to

5

Defendants claim there isn't one.

Defendants point out that "State Farm's declaratory judgment action seeks an interpretation and ruling on the terms and conditions of an insurance policy. This is a matter that falls squarely within the realm of state law. . . . How this insurance policy is to be construed or enforced is a matter of Indiana state law and does not arise under the laws of the United States." *Id*., p. 3.

Defendants acknowledge that "[a] complaint has recently been filed by the United States of America against Autumn Ridge, Richard Archie, Ronald Patterson, and James Reed in this Court." *Id*., p. 1. The case Defendants are referring to is *United States v. Autumn Ridge, et al.*, Cause No.: 2:08-CV-208, which is currently pending in the Hammond Division of this court. In that case, the United States has alleged that the defendants therein have violated provisions of Title VII of the Civil Rights Act as amended by the Fair Housing Act. *See* Complaint in Cause No.: 2:08-CV-208. That lawsuit apparently arouse as a result of the March 6, 2007, complaint that Rangel, Haddox, Valentine, Koesters, and Hoge filed with HUD. Defendants in the present case argue that "[p]resumably, State Farm is premising federal question jurisdiction in this insurance contract case on the fact that the underlying case (2:08-cv-208), as well as the March 6, 2007 complaint filed with HUD, is premised upon Title VII . . . ." Defendants' Memorandum,

---

    diversity jurisdiction"); *American Motorists Ins. Co. v. American Employers' Ins. Co.,* 600 F.2d 15, 16 (5th Cir. 1979). *See, e.g., Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.,* 177 F .3d 210, 222 n. 13 (3rd Cir. 1999) ("in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed" ); *McCracken v. Murphy,* 328 F.Supp.2d 530, 532 (E.D.Pa. 2004).

But none of the requirements of diversity jurisdiction are even alleged in State Farm's Complaint and, therefore, the court need not address the issue further.

p. 2. Defendants also argue that "[i]n the context of a declaratory judgment, the well-pleaded complaint rule requires that jurisdiction be determined by whether the federal question would exist over the presumed suit by the declaratory judgment defendant. . . . In this case, the answer is a resounding, No." *Id.*, p. 3 (citing *CNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d at 619). As a result, Defendants argue that this Court lacks subject matter jurisdiction over this case.

To be accurate, this Court has jurisdiction over the case of *United States v. Autumn Ridge, et al.*, because the United States government is the plaintiff. *See* Cause No. 2:08-CV-208, Docket at 1, Civil Cover Sheet. The district courts have original jurisdiction over cases brought by the federal government. 28 U.S.C. § 1345. That statute expressly confers federal jurisdiction in all cases in which the United States is the plaintiff. *Id.*; *see also, United States v. Sodders*, 2005 WL 2756122 (N.D. Ind., Oct. 25, 2005). While section 1345, then, provides the basis for jurisdiction in Cause No. 2:08-CV-208, the "Nature of the Suit" in that case is listed as "Civil Rights–Housing Accommodations." Cause No. 2:08-CV-208, Docket at 1, Civil Cover Sheet. In other words, the issues raised in that case involve alleged violations of federal anti-discrimination laws, but the *jurisdictional basis* for that action is *not* founded on those same statutes.

In its response in opposition to the motion to dismiss, State Farm concedes that it filed this declaratory judgment action "to determine whether the policy provisions [of the policy issued to Autumn Ridge] apply" to the claims asserted in *United States v. Autumn Ridge, et al*. Plaintiff's Response to Defendants' Motion to Dismiss ("Plaintiff's Response"), p. 2. State Farm then argues that "[t]his Court has supplemental jurisdiction over the plaintiff's declaratory

7

judgment claim under 28 U.S.C. § 1367. 'In cases over which Federal Court has original jurisdiction, it also has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that the form part of the same case or controversy under Article 3 under the United States Constitution.'" *Id.*, p. 3 (quoting *O'Bannon v. Friedman's, Inc.*, 437 F.Supp.2d 490, 492 (D.MD. 2006)). State Farm further states in its response as follows:

> [T]he underlying cause of action in the instant case is the complaint filed by the United States of America against Autumn Ridge Condominium Association, *et al.* (Case No. 2:08-CV-208) which is premised on Title VII . . . . It is this underlying cause of action that is used to determine whether a federal question exists such that the Federal Court has jurisdiction over the declaratory judgment action. Clearly, the underlying complaint involves an issue of federal question based on the federal statutes under which it is filed. This fact is undisputed. Therefore, the Federal Court also has federal question jurisdiction over this declaratory judgment action.

*Id.*, p. 4. This is a curious and convoluted argument indeed, for many reasons. State Farm is correct about one thing, however. Section 1367 of Title 28 confers supplemental jurisdiction to a federal court over state law claims asserted in cases in which the court has subject matter jurisdiction independent of those claims. The statute states as follows:

> Except as provided in subsections (b) and © or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Notwithstanding this statute, State Farm's argument in favor of jurisdiction still fails. First, the underlying *original* jurisdiction on which State Farm claims this court should base *supplemental* jurisdiction lies not in this case but in an entirely separate case. In

8

other words, State Farm is arguing that this court should exercise supplemental jurisdiction over its declaratory judgment action because the issues raised in State Farm's Complaint involve claims that are "so related to claims" at issue in *another* case (which also happens to be pending in the Northern District) that "they form part of the same case or controversy." Second, State Farm urges this court to exercise jurisdiction over this action because the "underlying case" (as State Farm repeatedly refers to *United States v. Autumn Ridge, et al.*) is based on "federal question" jurisdiction. Plaintiff's Response, p. 4. But as the court has already explained, the jurisdiction in *United States v. Autumn Ridge, et al.* is based on 28 U.S.C. § 1345, not on 28 U.S.C. § 1331. Even if one assumes, for the sake of argument, that Cause No. 2:08-CV-208 derives its jurisdiction from its subject matter (i.e., claims under Title VII as amended by the Fair Housing Act), State Farm would still be asking this court to exercise supplemental jurisdiction over an insurance contract dispute that arises from a related set of facts presented in a separate lawsuit. Third, State Farm filed this independent lawsuit (independent of Cause No. 2:08-CV-208, that is) alleging that federal question jurisdiction existed *in this case*. Complaint, p. 3, ¶ 10; Civil Cover Sheet, Sec. II. Then, in its response brief, State Farm argues that this court should retain this case and rule on its merits on the basis of *supplemental* jurisdiction. Urging the court to accept this declaratory judgment action on the basis of supplemental jurisdiction appears contrary to State Farm's Complaint and Civil Cover Sheet declarations, both of which expressly state that this court has original jurisdiction over this matter based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Finally, even though neither party points this out, State Farm filed this action on November 7, 2007. Docket at 1. The case of *United States v. Autumn Ridge, et al.*, was filed on July 14, 2008, more than eight months later. *See* Cause No.

2:08-CV-208, Docket at 1. Therefore, State Farm is asking this court to exercise supplemental jurisdiction over the present declaratory judgment action based on an assertion that the requisite federal question jurisdiction lies in a case that did not even exist at the time this case was filed. All of these arguments constitute a decidedly unique approach to federal question jurisdiction and supplemental jurisdiction, but not one this court wishes to entertain.

The court also notes that State Farm cites cases in its response brief that purportedly support its position with regard to jurisdiction. These cases include *O'Bannon v. Friedman's, Inc.*, 437 F.Supp.2d 490 (D.MD. 2006) and *American Policyholders Ins.Co. v. Nyacol Products, Inc.*, 989 F.2d 1256 (1st Cir. 1993). Plaintiff's Response, p. 4. Defendants argue that while "[b]oth are supplemental jurisdiction cases, . . . neither supports State Farm's position." Reply in Support of Motion to Dismiss ("Defendants' Reply"), p. 1. Once again, Defendants are correct. In *O'Bannon*, the plaintiffs in a civil rights suit joined two insurance companies *in the same case* for the purpose of litigating the issue of coverage for claims asserted in that case.[2] In *American Policyholders*, the plaintiff insurance company filed a declaratory judgment action in federal

---

[2] The facts and the holding in *O'Bannon* would seem to raise questions about whether State Farm, instead of filing this independent action, should have sought to be added, or moved to be added, to the case of *United States v. Autumn Ridge* pursuant to Fed.R.Civ.P. 19, 20, 22 or 24, whichever may be more appropriate. This Court makes no determination as to whether State Farm should seek joinder, interpleader, or intervention under one of those federal rules or whether the district judge overseeing that separate case would permit such a procedure. This Court merely mentions these procedural rules to illustrate that State Farm may have had (and may still have) other avenues it could pursue if it intended to litigate its coverage dispute in federal court rather than state court. Such an approach would likely have avoided the necessity of litigating the present motion to dismiss. One thing appears clear on its face–if Autumn Ridge and its officers are seeking a defense and indemnity from State Farm for the claims asserted in *United States v. Autumn Ridge, et al.*, then State Farm understandably seeks a forum in which to determine whether any coverage exists under the policy it issued to Autumn Ridge Condominium Association.

court for purposes of determining whether pollution coverage provisions in its policy applied to underlying environmental law claims brought against its insureds pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). The First Circuit Court of Appeals held that American Policyholder was seeking an interpretation and declaration concerning certain provisions of its insurance policy, which were issues of state insurance law, not federal law. While the court acknowledged that the applicability of those insurance provisions became an issue as the result of a CERCLA action, the issues to be resolved were matters of state law. According to the First Circuit, "federal jurisdiction cannot take root in such arid soil." *American Policyholders*, 989 F.2d at 1263. Thus, these cases do not support State Farm's arguments in the present case.

For all of the reasons discussed above, State Farm's arguments in opposition to Defendants' motion to dismiss are, to put it kindly, not well taken, and the cases Plaintiff cites in support of those arguments do not rescue them. Therefore, Defendants' motion to dismiss must be granted.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss filed by Defendants is **GRANTED** and this case is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.


Date: September 22, 2008.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court